UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| BERNIE DARST, | ) |
| Plaintiff, | ) Judge Thomas M Rose |
| | ) Magistrate Judge Karen L. Litkovitz |
| v. | ) |
| | ) Case No.: 3:15-cv-00056-TMR-KLL |
| ACOSTA SALES AND MARKETING, INC. ET AL., | ) |
| Defendants. | ) |

## AGREED PROTECTIVE ORDER

The parties to Case No. 3:15-cv-00056-TMR-KLL ("this Action"), Plaintiff Bernie Darst and Defendants Acosta Sales and Marketing, Inc. and Acosta Military Sales, LLC, stipulate and agree as follows:

WHEREAS, the parties to this Action recognize that certain documents will be produced that may contain confidential information; and

WHEREAS, the parties desire to minimize the necessity for objections and motions and to avoid interruption or delay in the flow of information relevant to this litigation by piecemeal motions for protective orders or other unnecessary discovery motions;

THEREFORE, IT IS HEREBY ORDERED that:

1. <u>Confidential Information</u>: Plaintiff, Defendants, and/or any experts or consultants retained by Plaintiff or Defendants are required to maintain the confidentiality of the following documents obtained through discovery in this litigation or obtained and marked as exhibits in depositions in this case: (a) medical records and medical information of any person and (b) any document that contains confidential or proprietary information, which is designated in good faith

by the party as "Confidential." This information shall be marked "Confidential" and is protected from disclosure to the public regardless of whether it is conveyed by or contained in a document produced, stated in answer to an interrogatory or request for admission, disclosed in an oral deposition by a party or a nonparty in the course of discovery in this proceeding, or disclosed pursuant to a voluntary agreement among counsel.

2. <u>Disputes Regarding Confidential Information</u>: Any party objecting to the designation of any document as Confidential shall make a good-faith effort to resolve the dispute without intervention of the Court. If the parties are unable to resolve the dispute, the objecting party may move for an order regarding the designation of the documents at issue. The parties agree that any hearing before the Magistrate Judge may be conducted by telephone. If any such dispute is submitted to the Court, the documents at issue shall be submitted to the Court under seal and will retain their Confidential designation until a ruling by the Court and thereafter shall be classified in accordance with such ruling.

3. <u>Limitation on Disclosure Information designated as "Confidential"</u>: All documents designated as Confidential and the information contained therein shall be used solely for the purpose of conducting this litigation. Confidential documents may be disclosed only to the following persons:

    a. Attorneys of record for any party to this Action and all legal support personnel, and clerical employees working under the direct supervision of such counsel;

    b. The parties to this Action;

    c. The Court and its personnel;

  d. Employees or former employees of Defendants, if required to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

  e. Witnesses, independent consultants, or experts retained by any of the parties to this Action to assist in the preparation and trial of this litigation, who any of the parties, in good faith, determines need to view such documents for the purposes of this litigation;

  f. Any arbitrator or mediator designated in this Action;

  g. Any court reporter employed in connection with a deposition in this litigation;

  h. Any person approved in writing, in advance of disclosure, by the producing party.

4. All persons reviewing or receiving copies of Confidential Information are enjoined from disclosing the contents thereof to any other person other than for the prosecution or defense of this Action, except in conformity with this Protective Order, and hereby agree to subject themselves to the jurisdiction of the Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of this Protective Order. Before either party to this Action disseminates Confidential Information, that party shall provide the person to whom such disclosure is made with a copy of this Protective Order and shall obtain the agreement in writing in the form of Exhibit A attached hereto of such person to be bound by the terms and conditions herein. Notwithstanding the foregoing, the parties to this Action shall not be required to execute an agreement in the form of Exhibit A prior to receiving any Confidential

3

Information but shall be bound by the terms of this Protective Order by their signature or the signature of their respective counsel herein.

5. The recipient of Confidential Information shall maintain such information in a secure and safe area.

6. Should a receiving party utilize any Confidential Information as an exhibit to a deposition or any pretrial hearing, such document or any testimony relating thereto shall be submitted and kept under seal.

    a. If a party wishes to designate any part of the deposition as Confidential Information under this Order, the party shall either make a statement on the record at the time of the disclosure or notify counsel for the other party in writing within the 20 business day period of the portions of the deposition to be so designated.

    b. Counsel for the designating party shall affix the legend "Confidential" to the first page and all subsequent pages of the original transcript that contains Confidential Information, and to the first page, and all subsequent corresponding pages, of all copies of such transcript.

    c. Unless the parties otherwise agree, only those portions of each transcript designated as "Confidential" in this Action shall be deemed Confidential Information.

7. A procedure for use of Confidential Information as exhibits at trial shall be discussed at the final pretrial conference of this case and will be subject to the ruling of the Court.

8. If Confidential Information is filed with the Court, the parties shall first obtain leave of the Court to file the Confidential Information under seal and will otherwise comply with Local Rule 5.2.1.

9. Within thirty (30) days after receipt of written notice of the final disposition of this lawsuit, whether by judgment and exhaustion of all appeals, or by settlement, the receiving parties and all other persons who have received documents containing Confidential Information shall destroy or return all such documents, and all copies thereof, to the producing party. Notwithstanding the foregoing, each party may retain motion papers, briefs, notes, memoranda or other documents which contain Confidential Information. This Protective Order shall continue to apply to all such documents retained by any party in accordance with the preceding sentence.

10. Nothing in this Protective Order shall preclude any party to this Action or any other person from disclosing or using in any manner or for any purpose, any information or document obtained by means other than discovery in this Action (if such information is lawfully obtained from a third party having the right to disclose such information).

11. This Protective Order shall not affect any party's right to object to the use in this litigation of Confidential Information on any ground. The fact that information or documentation has been designated Confidential shall in no way prejudice the right of any party to contest the confidential or proprietary nature of any document or information, at the time of trial or otherwise.

12. This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at the time of trial.

13. Any waiver under this Protective Order must be made in writing or, if at a deposition, on the record. Any waiver unless expressly made general, shall be deemed limited to the specified purposes of the request or proceeding involved, and shall not otherwise waive any of the protection provided by this Protective Order.

14. The terms and provisions of this Protective Order are subject to modification, extension or limitation as may be hereafter agreed to by the parties in writing or by order of the Court.

For good cause appearing, IT IS SO ORDERED this 28 day of ~~February~~ Jan. 2016.

_____
UNITED STATES DISTRICT JUDGE

or

*Karen L. Litkovitz*
_____
UNITED STATES MAGISTRATE JUDGE

6

HAVE SEEN AND AGREED:

<table>
<tr><td>

*s/Jason P. Matthews (per email authorization)*
Jason P. Matthews
Jason P. Matthews, LLC
130 West Second Street, Suite 924
Dayton, OH 45402
Phone: 937.608.4368
Fax: 1.888.577.3589
jason@daytonemploymentlawyers.com

*Counsel for Plaintiff Bernie Darst*

</td><td>

s/ Katharine C. Weber
Katharine C. Weber (0042126)
Sarah E. Keates (0086013)
JACKSON LEWIS P.C.
201 East 5th Street, 26th Floor
Cincinnati, Ohio 45202
Telephone: (513) 898-0050
Facsimile: (513) 898-0051
katharine.weber@jacksonlewis.com
sarah.keates@jacksonlewis.com
*Counsel for Defendants*

</td></tr>
</table>

## **EXHIBIT A**

### **ACKNOLWEDGEMENT AND CONSENT TO JURISDICTION**

I, _____, acknowledge that I have been given a copy of and have read the Agreed Protective Order Regarding Confidentiality of Documents in *Bernie Darst v. Acosta Sales & Marketing et al.,* United States District Court, Southern District of Ohio, Case No. 3:15-cv-00056-TMR-KLL, and I agree to be bound by its terms. I acknowledge and agree that any document marked "Confidential," which is received by me in connection with this matter, and any copy, excerpt, summary or abstract of such document shall not be disclosed to or discussed with anyone except as expressly provided in the Protective Order. I further acknowledge and agree that all Confidential documents shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned or destroyed at the conclusion of this case.

I consent to the jurisdiction of the United States District Court, Southern District of Ohio for the purposes of enforcing this Protective Order.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.

_____
NAME

_____
DATE

4838-4529-1309, v. 1